CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 14 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| ROSCOE A. CARPENTER | ) | |
| | ) | Civil Action No.: 5:06cv00035 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| VIRGINIA DEPARTMENT OF | ) | By: Samuel G. Wilson |
| TRANSPORTATION | ) | United States District Judge |
| and | ) | |
| GREGORY A. WHIRLEY, SR., | ) | |
| In his Official Capacity as the Acting | ) | |
| Commissioner of the Virginia | ) | |
| Department of Transportation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Roscoe Carpenter, filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., alleging that defendants, Virginia Department of Transportation ("VDOT") and Gregory A. Whirley, Sr. ("Whirley"), the Acting Commissioner of VDOT, denied him equal employment opportunities because of his race – African-American. Carpenter's complaint encompasses two theories of employment discrimination based on race: Count I alleges "disparate treatment," and Count II alleges "disparate impact." The defendants have moved to dismiss Count II under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. Defendants contend that Carpenter did not exhaust his administrative remedies because the "Charge of Discrimination" Carpenter filed with the Equal Employment Opportunity Commission ("EEOC") failed to raise a disparate impact claim. The court finds that it has

subject matter jurisdiction over Carpenter's disparate impact claim and that Carpenter adequately presented the claim to the EEOC. Accordingly, the court denies defendants' motion to dismiss.

I.

Roscoe Carpenter is an African-American male who applied for but was denied at least seven non-seasonal, full-time positions with VDOT in its Staunton District during the period from February 25, 2003, through May 4, 2005, after being interviewed for only one of the positions. VDOT offered Carpenter a seasonal job with limited hours and no benefits on April 29, 2005, a week after Carpenter requested statistical information concerning VDOT's hiring statistics. Carpenter alleges that this job had the same requirements as a full-time job for which he had been rejected in February 2005. On May 17, 2005, Carpenter filed with the EEOC an "Employment Discrimination Complaint Questionnaire" ("questionnaire"), which he had prepared without the assistance of counsel. In the questionnaire, Carpenter complained about his series of unsuccessful employment applications and about unfair VDOT hiring procedures generally, referencing statistical data that shows a lack of African American hires.[1] Carpenter supplemented the questionnaire with supporting material, including a copy of a letter, dated March 5, 2004, that he had sent to Governor Mark Warner, in which he complained that VDOT had "failed to hire black males of age 50 or above" and that "In House Hiring further Exacerbates The problem of this closed door policy." In addition to providing this letter with his charge questionnaire, Carpenter referenced the letter to the governor in the questionnaire itself,

---

[1] The statistics, which Carpenter obtained from VDOT, reveals that the Staunton District VDOT hired one African American over the age of forty and twenty-four non-African Americans over the age of forty over a two year period. The data did not disclose any information about the applicant pool.

2

directing the reader to "See letter of 3/5/04."[2] In July 2005, Carpenter received the charge of discrimination that the EEOC had drafted for him on the basis of the information Carpenter had provided. The EEOC also sent Carpenter a letter that instructed him to sign and return the charge after making any changes that he wished to make. Again acting without the assistance of counsel, Carpenter adopted the EEOC's summary of his complaints, making only a change to his date of birth. Carpenter filed his charge of discrimination with the EEOC on July 14, 2005. The EEOC then sent a copy of the charge and a "Notice of Charge of Discrimination" to the Staunton District VDOT on July 20, 2005, with a request for a "statement of [its] position on the issues covered by this charge" and supporting documents. On August 15, 2005, Freddie L. Jones, VDOT's Acting Division Administrator for the Civil Rights Division, addressed by letter the three allegations made by Carpenter in his charge but did not mention Carpenter's disparate impact claim. Jones denies having received or having seen a copy of Carpenter's questionnaire.

The EEOC issued Carpenter a "Dismissal and Notice of Rights" on February 17, 2006. Carpenter then filed suit in this court within ninety days of the EEOC's issuance of his Notice of Rights.

## II.

As a preliminary matter, the defendants mistakenly have characterized their motion as a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

---

[2] In response to question fourteen (14) which states, "Explain what happened to you and why you believe it was for the discriminatory reason(s) you checked in question #9," Carpenter noted that, "After being bypassed for a job several times, I requested a response from Gov. Mark Warner about the hiring practices of VDOT. He forwarded my letter to Whittington Clement, Sec. of Transportation. (**See letter of 3/5/04** and 3/17/04). Clement responded that 'procedures were being followed in the recruitment for Augusta County.'" (emphasis added).

3

Defendants argue that federal court jurisdiction is improper because Carpenter failed to exhaust his administrative remedies by not identifying a disparate impact claim in his charge of discrimination filed with the EEOC. While it is true that the Fourth Circuit has described the exhaustion requirement variously "as a jurisdictional prerequisite to adjudication in the federal courts, a procedural prerequisite to bringing suit, and a requirement that a claimant exhaust administrative remedies," Sloop v. Mem. Mission Hosp., 198 F.3d 147, 148 (4th Cir. 1999), this court explained in Monk v. Stuart M. Perry, Inc., 2002 U.S. Dist. LEXIS 11575, at *4-8 (W.D.Va. 2002), that the failure to exhaust administrative remedies does not affect a court's subject matter jurisdiction. Therefore, the court construes defendants' motion solely as motion to dismiss for failure to exhaust his administrative remedies under Fed. R. Civ. P. 12(b)(6). The requirement is like a statute of limitations and therefore "subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (holding that EEOC filing deadlines are not jurisdictional). See Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996) (holding that a statute of limitation defense may be raised pursuant to Rule 12(b)(6) "when the face of the complaint clearly reveals [its] existence").

Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). When a civil rights claim is involved, the court "must be especially solicitous of the wrongs alleged" and should "not

4

dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief *under any legal theory which might plausibly be suggested by the facts alleged.*" Id. (quoting Harrison v. United States Postal Serv., 840 F.2d 1149, 1152 (4th Cir. 1988)) (emphasis in Edwards). The court's review is generally limited to the allegations made in the complaint but it may consider exhibits attached to the complaint and unattached ones if they are "integral to and explicitly relied on in the complaint," so long as the opposing party does not challenge their authenticity. Phillips v. LCI Intern, Inc., 190 F.3d 609, 618 (4th Cir. 1999).

### III.

A plaintiff may establish a prima facie case of disparate impact discrimination under Title VII, by showing a "facially neutral employment practice had a significantly discriminatory impact." Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 265 (4th Cir. 2005) (citation omitted). While disparate treatment claims require proof of intent, disparate impact claims focus on the *results* of employment practices. See Griggs v. Duke Power Co., 401 U.S. 424, 432 (1971) (stating that an employer's "good intent" is irrelevant to a disparate impact claim). If a plaintiff makes out a prima facie case, "the employer must then demonstrate that any given requirement [has] a manifest relationship to the employment in question, in order to avoid a finding of discrimination." Anderson, 406 F.3d at 265 (citing Connecticut v. Teal, 457 U.S. 440, 446-47 (1982)) (internal quotations omitted). A plaintiff may still prevail, however, if he can show "that the employer was using the practice as a mere pretext for discrimination." Id. (citing Teal, 457 U.S. at 447). As the Supreme Court recently noted, "it is not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy that leads to such an impact." Smith v. City of Jackson, 544 U.S. 228, 241 (2005). Instead, the employee

5

must isolate and identify "the *specific* employment practices that are allegedly responsible for any observed statistical disparities." Id. (quoting Wards Cove Packing Co., Inc. v. Antonio, 490 U.S. 642, 656 (1989)) (emphasis in City of Jackson) (internal quotations omitted).

To file a disparate impact complaint in federal district court, a plaintiff must first exhaust his administrative remedies. See 42 U.S.C. § 2000e-5(b), (f)(1); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002); 29 C.F.R. § 1601.28. Title VII allocates initial enforcement responsibilities to the EEOC. Before bringing suit, an aggrieved party must file a charge before the EEOC within 180 days after the discriminatory action if the state involved has no state or local agency authorized to investigate racial discrimination, or within 300 days if, like Virginia, the state does have such an agency. 42 U.S.C. § 2000e-5(e); see Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 439-442 (4th Cir. 1998). The EEOC then investigates the alleged unlawful acts and provides notice to the employer of the charge within ten days. 42 U.S.C. § 2000e-5(b) (stating that the EEOC "shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer . . . within ten days"). The exhaustion requirement "serves the complementary goals of providing employers fair notice of alleged discrimination and of enabling the EEOC to pursue a reconciliation between the disaffected employee and his employer." Carter v. Rental Unif. Serv. of Culpeper, Inc., 977 F.Supp. 753, 758 (W.D. Va. 1997).

The EEOC's failure to investigate a claim asserted by the plaintiff, however, is not fatal to the plaintiff's exhaustion attempt. See e.g., B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1099-1100 (9th Cir. 2002). Instead, a plaintiff may pursue a claim in a civil suit if it is "reasonably related to [his] EEOC charge and can be expected to follow from a reasonable

6

Case 5:06-cv-00035-SGW-JGW   Document 24   Filed 11/14/06   Page 6 of 13   Pageid#: 132

administrative investigation." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). See also Chisolm v. United States Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981) ("An administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination."); Carter, 977 F.Supp. at 758 (ruling that claims of discrimination "set forth in a Title VII complaint are cognizable as long as they are like or reasonably related to the allegations of the charge and grow out of such allegations") (internal quotations omitted). Furthermore, a court must construe an EEOC charge liberally, since "lawyers do not typically complete the administrative charges." Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005).

In a light most favorable to Carpenter, his EEOC charge of discrimination, on its face, fails to allege either a facially-neutral employment practice or a disproportionate adverse effect on a protected class. Carpenter's charge includes boxes checked "race" and "age" that designate the types of discrimination alleged and three prongs that describe the "particulars" of his discrimination claims.[3] All three prongs are specific examples or general accusations of

---

[3] Carpenter's charge of discrimination succinctly summarizes three general allegations:
(1) Since approximately February 25, 2003, and most recently on or about February 15, 2005, I have applied for seven (7) non-seasonal, full-time positions . . . and not been selected.
(2) Most recently, by letter dated February 22, 2005, I was told that I had not been selected because it had been determined that another individual more closely met the requirements needed for the job.
(3) I believe I have not been hired for a full-time position because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended, and because of my age, 52, in violation of the Age Discrimination in Employment Act of 1967, as amended.

7

*intentional* race and age discrimination, failing to implicate even vaguely an employment practice that has a discriminatory impact on a protected group. Therefore, the court must decide whether an investigation into Carpenter's disparate impact claim can "reasonably be expected to follow" the disparate treatment allegations in his charge, Chisolm, 665 F.2d at 491, and whether the complaint is "like or reasonably related to the allegations of the [EEOC] charge and grow out of such allegations." Carter, 977 F.Supp. at 758.

Defendants rely on the Fifth Circuit's analysis in Pacheco v. Mineta, 448 F.3d 783 (5th Cir. 2006), to suggest that an investigation of disparate impact would not reasonably follow from an investigation of Carpenter's EEOC charge. In Pacheco, the plaintiff's complaint alleged both disparate treatment and disparate impact claims under Title VII, based on his race, regarding his non-selection for a position at a government agency. In his EEOC charge of discrimination, the plaintiff mentioned three incidents of disparate treatment, claiming that he was lied to about the employer's hiring policy, harassed by a co-worker who defaced a picture of his son, and passed over for a job in favor of a less-experienced "good old boy." Id. at 791. After balancing the various goals of Title VII,[4] the court concluded that a disparate-impact investigation could not reasonably have been expected to grow from plaintiff's administrative charge because it complained solely of disparate treatment and failed to identify a neutral employment practice that

---

[4] The court first noted that "the scope of an EEOC complaint should be construed liberally," since Title VII was not designed for the sophisticated and since most complaints are initiated pro se. Pacheco, 448 F.3d at 788 (citation omitted). However, the court also recognized that "a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." Id. at 788-89 (citation omitted).

caused an adverse effect. Id. at 792.[5]

Carpenter argues, however, that the instant case can be distinguished from Pacheco because here, Carpenter *did* alert the EEOC to his disparate impact claim through the charge questionnaire and the supporting documents that he submitted to the EEOC. The question therefore becomes whether the court must look solely to the charge itself in determining whether Carpenter has met the exhaustion requirement or whether it may also consider the allegations made in Carpenter's questionnaire and the material submitted with it.

The court recognizes that if it considers material outside the formal charge of discrimination, at least one of the purposes of exhaustion will be frustrated – the goal of formal employee notification, since the EEOC only sends the employer a copy of the charge when notifying it of an employee's complaints. Indeed, in this case, defendants specifically deny ever having received Carpenter's questionnaire or the documents purportedly submitted with it. Despite this danger, however, other courts have considered documents outside of the EEOC charge in determining whether the plaintiff properly exhausted his administrative remedies. See e.g., B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1101-02 (9th Cir. 2002) ("[W]e do not take the respondent's notice of the charge itself to be of paramount consideration where the failure of notification is due to agency negligence."). For example, the court in B.K.B. v. Maui Police

---

[5] Other circuits have also concluded that a disparate impact claim is not "reasonably related" to a disparate treatment claim because of the different elements of proof required for each claim. See e.g., Noreuil v. Peabody Coal Co., 96 F.3d 254, 258-59 (7th Cir. 1996) (disparate impact claim in complaint is not reasonably related to disparate treatment or retaliation claims in EEOC charge); Brown v. Puget Sound Elec. Apprenticeship & Training Trust, 732 F.2d 726, 730 (9th Cir. 1984) (investigation of plaintiff's disparate impact claim would not have encompassed her disparate treatment claim).

9

Dept. allowed the plaintiff to pursue a sexual harassment claim that was not included in her formal EEOC charge but that was included in her charge questionnaire because the agency was on notice of the plaintiff's intent to pursue the sexual harassment claim from documents outside the charge. Id. at 1102. The court announced that, "If the charge itself is deficient in recording [the plaintiff's] theory of the case due to the negligence of an agency representative who completes the charge form, then the plaintiff may present her pre-complaint questionnaire as evidence that her claim for relief was properly exhausted." Id. Applying this rule to the facts, the court determined that it was "clear that someone at the agency typed the factual allegations in the charge on Plaintiff's behalf" and that "any . . . sparseness of its factual allegations should be attributed to the agency itself rather than to Plaintiff." Id. In allowing the complaint to go forward, the court noted that it could not allow the plaintiff to suffer due to administrative negligence "in indicating the full scope of Plaintiff's allegations." Id. at 1102-03. See also Cheek v. W. and S. Life Ins. Co., 31 F.3d 497, 502 (7th Cir. 1994) ("Allegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations."); Sickinger v. Mega Sys. Inc., 951 F. Supp. 153, 157-58 (N.D. Ind. 1996) (holding that plaintiff met the exhaustion requirement where the EEOC representative who assisted her in filing her EEOC charge failed to include allegations of wrongful retaliation that she had included in her questionnaire); Anthony v. Co. of Sacramento, 898 F. Supp. 1435, 1443 n.5 (E.D. Cal. 1995) (holding that the court could review a pre-complaint questionnaire to determine the scope of an EEOC charge because, where the "agency's charge substantially condenses and edits plaintiff's complaint," it is the plaintiff's "theory, not the agency's drafting, which is dispositive"). Indeed, the Fourth Circuit has noted that, "A Title VII complainant is not

10

charged with the [EEOC's] failure to perform its statutory duties." Russell v. Am. Tobacco Co., 528 F.2d 357, 365 (4th Cir. 1975) (allowing a Title VII claimant to pursue his action where the plaintiff properly presented his claims to the EEOC but the EEOC failed to give the defendants notice of the charge and did not attempt conciliation with the parties).

Here, the court believes that Carpenter's charge of discrimination fails to articulate his theory of disparate impact due to error or negligence of the EEOC representative who prepared his charge form from his questionnaire and supporting documents. In the questionnaire, Carpenter clearly quoted statistical disparities in the hiring of blacks over the age of 40 and specifically directed the reader to "see letter of 3/5/04," the letter Carpenter sent to Governor Warner complaining of discrimination in hiring practices at the Staunton District VDOT. This one-page letter conspicuously complains that, "In House Hiring further Exacerbates The problem of this closed door policy." While defendants characterize these allegations as "vague" and "conclusory," these assertions sufficiently identify a specific, facially-neutral employment practice – the restriction of hiring for certain full-time jobs to individuals with past work experience at VDOT – that had a disparate impact on a protected class: African Americans. See Gomes v. AVCO, 964 F.2d 1330, 1334-35 (2nd Cir. 1992) (ruling that plaintiff's administrative charge exhausted both a claim for disparate impact and a claim for disparate treatment because, even though the complaint "most naturally support[ed] a claim of intentional discrimination," plaintiff properly identified "an eight year experience rule" that governed promotions that would have led a reasonable administrative agency to question "whether this possibly unnecessary rule had a discriminatory impact on employees of Portuguese decent"). Carpenter's questionnaire and supporting documents are objective documentary evidence that the EEOC was – or should have

11

been – fully aware of the his disparate impact allegations. Accordingly, any reasonable investigation growing out of Carpenter's submissions to the EEOC would have included his charge of disparate impact. Therefore, "the plaintiff has satisfied the requirement that [his] charges be the subject of an EEOC charge before being brought as a suit in federal court." Angotti v. Kenyon, 929 F.Supp 651, 659 (S.D.N.Y. 1996).[6]

### IV.

Defendants also allege that Carpenter's disparate impact claim is time-barred. They challenge Carpenter's reliance on his March 5, 2004 letter to the governor which he used to support his disparate impact claim, arguing that the letter and the hiring denials that preceded it occurred more than 300 days prior to Carpenter's filing with the EEOC of either the charge questionnaire or the charge of discrimination (which were filed on May 13, 2005, and July 12, 2005, respectively). The court finds this argument unpersuasive. Without deciding whether the acts that took place outside of the 300 day statutory limitation period are actionable, the court recognizes that the letter and the refusals to hire that took place outside of the 300 days constitute "relevant background evidence." United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1977). Therefore, Carpenter's claims – at least those that occurred within 300 days of Carpenter filing

---

[6]Although Carpenter had the opportunity to review and make changes to the charge after the EEOC investigator prepared it, the court recognizes the practical difficulties faced by a complainant proceeding without the assistance of counsel, especially in this context, where the EEOC agent presumably was more familiar than Carpenter with the different evidentiary burdens for establishing disparate impact and disparate treatment charges and where Carpenter claims to have "relied on the EEOC to draft the claims of race discrimination from the information [he] provided." Given the remedial purpose of Title VII and the court's obligation to construe an EEOC charge liberally, this court should not deny Carpenter an opportunity to prove his disparate impact claim in court.

his questionnaire with the EEOC on May 13, 2005 – are not time-barred.

V.

For the reasons stated, the court finds that Carpenter's complaint is sufficient to state a claim under Title VII and denies defendants' motion to dismiss.

**ENTER:** This 14th day of November, 2006.

_____
UNITED STATES DISTRICT JUDGE